UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMCOR RIGID PLASTICS USA, INC.
AND RUCHEN LIU,

   Civil Action No. 14-12699

 Plaintiffs,

   Honorable Denise Page Hood

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES AND LORIA SCIALABBA,

 Defendants.
_____/

ORDER GRANTING MOTION FOR
TEMPORARY RESTRAINING ORDER
and
NOTICE OF SETTING HEARING DATE
ON MOTION FOR PRELIMINARY INJUNCTION

**I. BACKGROUND**

On July 9, 2014, Plaintiffs Amcor Rigid Plastics USA, Inc. ("Amcor") and Ruchen Liu filed the instant action against Defendants U.S. Citizenship and Immigration Services ("USCIS") and Lori Scialabba, Acting Director of USCIS seeking review of the USCIS's rejection of Liu's *first* H-1B Petition under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). On July 14, 2014, Plaintiffs filed a combined Motion for Temporary Restraining Order and Motion for Preliminary Injunction prohibiting Defendants from withholding issuance of an I-797

receipt notice prior to July 25, 2014.  Defendants filed a brief response to this motion on July 15, 2014, seeking an opportunity for a briefing schedule and a hearing on the motion for preliminary injunction.

Amcor is headquartered in Ann Arbor, Michigan specializing in designing and manufacturing containers for beverages, the food industry, home products, pharmaceuticals and other goods.  (Comp., ¶ 4) Liu is a citizen of China, entered the United States on an F-1 student visa, graduated from Cornell University with Master's Degree in Engineering Management in May 2013.  (Comp., ¶ 18) Lieu was granted an Optional Practical Training ("OPT") work authorization in order to work for Amcor, which is valid until July 25, 2014.  (Comp., ¶ 18)

On April 1, 2014, Amcor filed an H-1B Petition, Form I-129 ("Petition") on behalf of Liu.  (Comp., ¶ 19) The USCIS mailed Amcor's Petition back on June 10, 2014, with a form rejection letter date stamped April 28, 2014 indicating the Petition was not properly filed.  (Comp., ¶¶ 21-22) The Petition was filed at the California Service Center ("CSC") instead of the Vermont Service Center ("VSC").  (Comp., ¶¶ 28, 30) Amcor submitted the rejected Petition to the VSC on June 27, 2014, but the USCIS has indicated that the Petition will again be rejected since the fiscal year 2015 was closed on April 7, 2014.  (Comp., ¶¶ 31-32) To date, the resubmitted Petition has yet to be rejected.

## II. ANALYSIS

In their Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs seek an Order that Defendants issue an I-797 receipt notice which would allow Liu to work until the resubmitted Petition is rejected. An I-797 is a notice providing that a petitioner may continue working until a decision is made on an H-1B Petition. (Motion, Pg ID 33) In this case an I-797 notice was not issued on the initial submission of the Petition in April 2014 and has yet to be issued in the Petition resubmitted in June 2014. Plaintiffs assert that without the I-797 notice, Liu must cease working after July 25, 2014. Plaintiffs claim they will both suffer irreparable harm before the resubmitted H-1B Petition is reviewed, or if rejected, before this Court has the opportunity to review the merits of this case.

Defendants respond that no injunction should issue since Liu will have 60 days after July 25, 2014 to leave the United States. Defendants also assert that Plaintiffs will not succeed on the merits. Defendants seek a briefing schedule and a hearing date on the preliminary injunction motion.

Rule 65(b) of the Federal Rules of Civil Procedure provides the Court with authority to issue a temporary restraining order as follows:

> **Rule 65(b) Temporary Restraining Order.**
>
> **(1)** *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its

3

attorney only if:

> (A) specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen,* 486 F.3d 896, 904-05 (6th Cir. 2007).

As to the notice issue, Plaintiffs have provided such to Defendants and the Defendants filed a brief response to the motion as noted above.

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512.

Reviewing the Complaint, the Court finds that both Plaintiffs will suffer irreparable harm if the I-797 notice is not issued allowing Liu to continue working beyond the July 25, 2014 authorization. Amcor will terminate Liu's employment effective July 26, 2014 without any further work authorization as required under the law. (Hansen Aff., ¶ 5) Amcor is harmed in that it will be deprived of the ability to employ and reap any presumed benefits of employing Liu. *See Residential Finance Corp. v. USCIS,* 839 F. Supp. 2d 985, 987-88 (S.D. Ohio 2012).

Liu asserts he will be irreparably harmed because he is currently learning a new automation system at Amcor and he will be unable to obtain this training after his work authorization expires on July 25, 2014. This will damage his career and prospects for employment. (Liu Aff., ¶ 13) Without the work authorization, Liu will also be unable to obtain employment in the United States. (Liu Aff., ¶ 15) Liu has no solid job offers in China. (Liu Aff., ¶ 16) Liu has shown he will be irreparably harmed because he will have to leave the United States and has no current

employment offers in China.

Based on the Complaint and the affidavits submitted by Plaintiffs, they have shown they will suffer irreparable injury if the I-797 notice is not issued by Defendants. As to whether Plaintiffs will prevail on the merits, although Defendants indicated Plaintiffs will not prevail on the merits, Defendants' brief response does not cite any authority to support their argument. The Court issues a temporary restraining order to maintain the status quo.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Temporary Restraining Order **(Doc. No. 7, filed July 14, 2014)** is GRANTED.

IT IS FURTHER ORDERED that Defendants, ***by July 24, 2014***, issue an I-797 receipt notice authorizing Ruchen Liu to continue working after July 25, 2014 for a reasonable period of time.

IT IS FURTHER ORDERED that, although Plaintiffs have not addressed the security requirement set forth in Fed. R. Civ. P. 65(c), Plaintiffs are directed to address this requirement in their reply brief.

IT IS FURTHER ORDERED that Defendants' Motion for an Opportunity to be Heard on the Motion for Preliminary Injunction **(Doc. No. 9)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction is set for a hearing on **Wednesday, August 13, 2014, 3:30 p.m.** Any response to the motion must be filed by **August 1, 2014**.  Any reply to the response must be filed by **August 8, 2014.**

S/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated:  July 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry<br>
Case Manager