UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMCOR RIGID PLASTICS USA, INC.
AND RUCHEN LIU,

      Plaintiffs,

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES AND LORIA SCIALABBA,

      Defendants.
_____/

Civil Action No. 14-12699

Honorable Denise Page Hood

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND ORDER MOOTING EMERGENCY MOTION**

**I.    BACKGROUND**

This matter is before the Court on a Motion for Preliminary Injunction filed by Plaintiffs Amcor Rigid Plastics USA, Inc. and Ruchen Liu. The Court entered an Order granting Plaintiffs' Motion for a Temporary Restraining Order on July 18, 2014. Defendants United States Citizenship and Immigration Services and Lori Scialabba, Acting Director of USCIS, filed a response on August 1, 2014. Plaintiffs filed a reply to the response on August 5, 2014. An Emergency Motion to Amend Pending Motion for Preliminary Injunction was filed on September 26, 2014.

On July 9, 2014, Plaintiffs filed the instant action against Defendants seeking review of the USCIS's rejection of Liu's *first* H-1B Petition under the Administrative

Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). Amcor is headquartered in Ann Arbor, Michigan specializing in designing and manufacturing containers for beverages, the food industry, home products, pharmaceuticals and other goods. (Comp., ¶ 4) Liu is a citizen of China, entered the United States on an F-1 student visa, graduated from Cornell University with Master's Degree in Engineering Management in May 2013. (Comp., ¶ 18) Lieu was granted an Optional Practical Training ("OPT") work authorization in order to work for Amcor, which is valid until July 25, 2014. (Comp., ¶ 18)

On April 1, 2014, Amcor filed an H-1B Petition, Form I-129 ("Petition") on behalf of Liu. (Comp., ¶ 19) The USCIS mailed Amcor's Petition back to Amcor on June 10, 2014, with a form rejection letter date stamped April 28, 2014 indicating the Petition was not properly filed. (Comp., ¶¶ 21-22) The Petition was filed at the California Service Center ("CSC") instead of the Vermont Service Center ("VSC"). (Comp., ¶¶ 28, 30) Amcor submitted the rejected Petition to the VSC on June 27, 2014, but the USCIS indicated that the Petition will again be rejected since the fiscal year 2015 was closed on April 7, 2014. (Comp., ¶¶ 31-32)

II.   ANALYSIS

    A.   **Preliminary Injunction Standard**

"The court may issue a preliminary injunction only on notice to the adverse

party." Fed. R. Civ. P. 65(a)(1). Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed. R. Civ. P. 65(a): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). The first factor is the most critical inquiry of the four criteria. *Mason County Med. Ass'n v. Knebel,* 563 F.22d 256, 261 (6th Cir. 1977). In making its determination the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 399 (6th Cir. 1997).

    **B.**    **Likelihood of Success on the Merits**

        **1.**    **APA Review Standard**

Plaintiffs' Complaint alleges that Defendants' failure to provide the e-filing option for the I-129, only allowing a five-day window to submit the I-129, and providing no mechanism for re-submission of timely filed petition due to clerical errors are arbitrary and capricious actions under the APA. In their Motion for

Preliminary Injunction, Plaintiffs seek an Order that Defendants issue an I-797 receipt notice which would allow Liu to work until the resubmitted Petition is rejected. An I-797 receipt is a notice providing that a petitioner may continue working until a decision is made on an H-1B Petition under the "cap-gap" provisions of 8 C.F.R. § 214.2(f)(5)(vi)(A). (Motion, Pg ID 33) In this case an I-797 notice was not issued on the initial submission of the Petition in April 2014 and has yet to be issued in the Petition resubmitted in June 2014. Plaintiffs argue that without the I-797 notice, Liu must cease working after July 25, 2014 (which the Court extended in the Temporary Restraining Order). Defendants complied with the Court's Temporary Restraining Order and issued an I-797 through September 30, 2014.

Defendants respond that no injunction should issue since Plaintiffs cannot satisfy any of the four factors to be considered when deciding whether to issue a preliminary injunction. Defendants claim that Plaintiffs have no likelihood of success on the merits of their claim that USCIS's rejection of Amcor's H-1B petition was arbitrary and capricious because USCIS's actions are authorized pursuant to relevant statutes and regulations and are rationally based.

Plaintiffs reply that Defendants' actions were arbitrary and capricious in that even though the I-129 Forms instructions indicate that the form may be filed electronically, suspending the e-filing option for I-129 Forms sometime in 2010 without notice was arbitrary and capricious. Plaintiffs further claim that only giving

applicants a short five-day window to submit the I-129 Forms was arbitrary and capricious. Plaintiffs also claim that they are entitled to equitable tolling because Congress did not intend that a single misstep caused by human error to derail the life of a promising young engineer, particularly where he and his company acted diligently to file on the very first day allowed under the rules constructed by Defendants.

The APA provides that a court has the authority to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). The APA directs courts to review agency actions under a deferential standard. *Bangura v. Hansen,* 434 F.3d 487, 502 (6th Cir. 2006). An agency decision is arbitrary and capricious if the agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision. *Id.* (citing, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 42-43 (1983)). The reviewing court "may not supply a reasoned basis for the agency's action that the agency itself has not given." *Id.* "Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Id.* (quoting *Alaska Dep't of Env't Conservation v. EPA,* 540 U.S. 461, 497 (2004)).

### 2.    E-Filing Option

Addressing the merits of the e-filing option, the Court finds Plaintiffs are unable

to prevail on this claim for purposes of this motion. Plaintiffs acknowledge that Congress has set the annual quotas on the H-1B visa at 65,000, and an additional 20,000 with Master's degrees from a United States institution of higher education, for a total of 85,000 and that approximately 172,500 petitions were filed as of April 10, 2014. (Motion, Pg ID 27) Plaintiffs also acknowledge that the petition must be executed and filed according to the regulations and form instructions. (*Id.*) They agree that the regulations provide that rejection of a visa petition results in the benefit request not retaining a filing date and that no administrative appeal lies from any rejection. (*Id.*) The instructions state that, "[y]ou may file Form I-129 electronically. Go to our Internet Web site at www.uscis.gov and follow the detailed instructions on e-filing" and "[i]f you are e-filing this petition, it will automatically be routed to the appropriate Service Center." (Motion, Ex. B, Pg ID 39, 57) The USCIS website notes that "the option to file Form I-129 has been temporary disabled within the e-Filing System." (Resp., Ex. D, Pg ID 192)

Plaintiffs are unable to prevail on the e-filing issue since the instructions refers the filer to the website, and that the website notes that the option to file Form I-129 has been disabled. It was Plaintiffs who mailed the form to the wrong service center, and they have so acknowledged. Plaintiffs have failed to establish that suspending the e-filing option as to Form I-129 was an arbitrary and capricious decision by the

6

USCIS for purposes of this motion.

### 3. Five-Day Window and Resubmission

As to the five-day window time frame to submit the Form I-129 and the resubmission claims, the Court also finds that Plaintiffs are unable to prevail on these claims for purposes of this motion.

Plaintiffs agree, as noted above, that the regulations provide that all documents must be executed and filed in accordance with the form instructions. 8 C.F.R. §§ 103.2(a)(1), 103.2(a)(6). Plaintiffs acknowledge that Liu's Form I-129 should have been filed at the Vermont center. Plaintiffs also acknowledge that the instructions so state. (Motion, Ex. B, Pg ID 57) Plaintiffs admit it was a clerical error on their part that the form was sent to the wrong center in California. (Motion, Ex. E, Pg ID 69)

The 85,000 petitions must be approved before the start of the fiscal year beginning October 1, 2014. Defendants claim that in order to meet the deadline and other statutory mandates, the USCIS has established and published a procedure that would allow it to equitably and timely accept and receive enough petitions to meet the 85,000 allowed petitions by the October 1, 2014 deadline. (Response, Ex. A, Pg ID 177) The regulations provide that if the numerical limit is met during the first five business days that H-1B petitions can be filed, known as the "cap season," then the USCIS "may" randomly select by computer-generated selection a "number of

petitions deemed necessary to generate the numerical limit of approvals," known as the "lottery." 8 C.F.R. 214.2(h)(8)(ii)(B), (Response, Ex. A, Pg ID 177)

The regulations also provide that the USCIS will reject any H-1B petitions received after the first five days as the numerical limit has been met. (*Id.*) Defendants assert that the bases for rejecting improperly filed petitions are fairness and efficiency because the USCIS's mandate is to approve 85,000 visa petitions, but no more than 85,000 petitions. (*Id.* at Pg ID 178) Allowing petitioners who improperly filed petitions to resubmit petitions which were improperly filed would require the USCIS to save visa numbers for anticipated number of petitions that would be improperly filed, which could leave a number of visas unused. (*Id.* at Pg ID 178-79) This process is unfair to H-1B petitioners whose petitions were properly filed. (*Id.*)

Given the October 2014 deadline, from April 2014, the USCIS has only six months to approve 85,000 visas under this H-1B category. (*Id.* at Pg ID 177) The Court finds that Plaintiffs have failed to show that Defendants' rejection of Plaintiffs' petition was arbitrary and capricious since the rejection was based on the regulations, instructions and other published guidelines.

**C. Irreparable Injury**

It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511

(6th Cir. 1992); *Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 579 (6th Cir. 2002). An injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Basicomputer,* 973 F.2d at 511-512.

Plaintiffs claim they will both suffer irreparable harm before the Court has the opportunity to review the merits of this case.

Defendants claim that Plaintiffs cannot demonstrate the irreparable harm necessary to obtain an injunction since there was no guarantee Liu would obtain an opportunity to be considered for an H-1B visa in the first place. Defendants argue that Plaintiffs had the option of extending Liu's employment authorization for 17 months through application under the Science, Technology, Engineering, Math ("STEM") program under 8 C.F.R. § 214.2(f)(10)(ii)(C), but chose not to avail themselves of that opportunity.

Because Plaintiffs have not shown they will prevail on the merits, Plaintiffs cannot show they will be irreparably harmed that Defendants rejected the petition because it was filed in the wrong service center. Plaintiffs also cannot show that even if the petition was filed in the proper place, that Liu would have been one of the 85,000 approved out of the 172,000 petitions filed.

**D.     Harm to Others and Public Interest**

9

The Court finds Defendants may be harmed if the injunction was issued in that they would have to change their procedures to accommodate Plaintiffs' petition even though others petitions are not considered even though those petitions may have been filed properly. The public interest could weigh in Plaintiffs' favor, but also could weigh in Defendants' favor given that the public has an interest that USCIS timely process the more than 172,000 petitions in order to fill 85,000 before October 2014.

## IV.   CONCLUSION

Weighing the factors noted above, a Preliminary Injunction will not issue.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Preliminary Injunction (**Doc. No. 7**) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Emergency Motion to Amend/Correct Motion for Preliminary Injunction (**Doc. No. 26**) is MOOT, in light of the Court's ruling set forth above.

<u>S/Denise Page Hood</u>
Denise Page Hood
United States District Judge

Dated:  September 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2014, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager