UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMCOR RIGID PLASTICS USA, INC.
AND RUCHEN LIU,

        Civil Action No. 14-12699

    Plaintiffs,

        Honorable Denise Page Hood

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES AND LORIA SCIALABBA,

    Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT,
ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT,
ORDER DENYING PLAINTIFFS' MOTION FOR
LEAVE TO AMEND THE COMPLAINT,
AND
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

This matter is before the Court on cross-Motions for Summary Judgment filed by Plaintiffs Amcor Rigid Plastics USA, Inc. ("Amcor") and Ruchen Liu ("Liu") and by Defendants United States Citizenship and Immigration Services ("USCIS") and Lori Scialabba, Acting Director of USCIS. Response and replies have been filed.

On July 9, 2014, Plaintiffs filed the instant action against Defendants seeking review of the USCIS's rejection of Liu's *first* H-1B Petition under the Administrative

Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).  Amcor is headquartered in Ann Arbor, Michigan specializing in designing and manufacturing containers for beverages, the food industry, home products, pharmaceuticals and other goods. (Comp., ¶ 4) Liu is a citizen of China, entered the United States on an F-1 student visa, graduated from Cornell University with Master's Degree in Engineering Management in May 2013.  (Comp., ¶ 18) Lieu was granted an Optional Practical Training ("OPT") work authorization in order to work for Amcor, which is valid until July 25, 2014.  (Comp., ¶ 18)

On April 1, 2014, Amcor filed an H-1B Petition, Form I-129 ("Petition") on behalf of Liu. (Comp., ¶ 19) The USCIS returned Amcor's Petition on June 10, 2014, with a form rejection letter date stamped April 28, 2014 indicating the Petition was not properly filed. (Comp., ¶¶ 21-22) The Petition was filed at the California Service Center ("CSC") instead of the Vermont Service Center ("VSC"). (Comp., ¶¶ 28, 30) Amcor submitted the rejected Petition to the VSC on June 27, 2014, but the USCIS indicated that the Petition will be rejected again since the fiscal year 2015 was closed on April 7, 2014. (Comp., ¶¶ 31-32)

On September 29, 2014, the Court entered an Order denying Plaintiff's Motion for Preliminary Injunction.

## II. SUMMARY JUDGMENT MOTIONS

2

A.      **Standard of Review**

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A

3

court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

The APA provides that a court has the authority to hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A). The APA directs courts to review agency actions under a deferential standard. *Bangura v. Hansen,* 434 F.3d 487, 502 (6th Cir. 2006). An agency decision is arbitrary and capricious if the agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision. *Id.* (citing, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 42-43 (1983)). The reviewing court "may not supply a reasoned basis for the agency's action that the agency itself has not given." *Id.* "Even when an agency explains its decision with less than ideal clarity, a reviewing court will not upset the decision on that account if the agency's path may reasonably be discerned." *Id.* (quoting *Alaska Dep't of Env't Conservation v. EPA,* 540 U.S. 461, 497 (2004)).

### B.    Arbitrary and Capricious

Plaintiffs argue that Defendants' failure to provide the e-filing option for the H-1B petition, only allowing a five-day window to submit the petition, and providing no mechanism for re-submission of a timely filed petition due to clerical errors are arbitrary and capricious actions under the APA. Plaintiffs assert that the time to file the Petition should be equitably tolled since the H-1B Petition was initially timely

filed, admittedly at the wrong service center. Plaintiffs claim Defendants should have forwarded the timely filed H-1B Petition to the appropriate service center. Plaintiffs argue that since e-filing was not available for H-1B petitions, the H-1B petitions received by mail should have been forwarded physically to the proper service center, as other e-filed petitions are electronically forwarded to the proper service center.

Defendants respond that it was Plaintiffs' mistake that the H-1B Petition was filed in the wrong service center and that given the sheer number of petitions filed, Plaintiffs' request for special treatment should not be granted. Defendants argue this would be unfair to other H-1B petitioners whose petitions were properly filed, but did not make the lottery cutoff date due to a visa held temporarily for those who improperly filed their petitions. Defendants claim Plaintiffs' request would require the USCIS to save visa numbers for the anticipated number of petitions that were timely filed, but improperly filed in the wrong service center. Defendants argue that the rejection of Plaintiffs' H-1B Petition was based on a rational administrative decision, which, as acknowledged by Plaintiffs, does not violate any statute or regulation. Defendants claim that the voluminous number of H-1B petitions filed in such a short period of time makes it burdensome for Defendants to physically determine and forward improperly filed petitions to the proper service center.

Plaintiffs acknowledge that Congress has set the annual quota for the H-1B visa

at 65,000, and an additional 20,000 visas for persons with Master's degrees from a United States institution of higher education, for a total of 85,000. Approximately 172,500 petitions were filed for these visas as of April 10, 2014. Plaintiffs also acknowledge that the petition must be executed and filed according to the regulations and form instructions. They agree that the regulations provide that rejection of a visa petition results from an untimely filing date and that no administrative appeal lies from any rejection of a petition. The instructions state that, "[y]ou may file Form I-129 electronically. Go to our Internet Web site at www.uscis.gov and follow the detailed instructions on e-filing" and "[i]f you are e-filing this petition, it will automatically be routed to the appropriate Service Center." The USCIS website notes that "the option to file Form I-129 has been temporary disabled within the e-Filing System." (Resp., Ex. D, Pg ID 192) The instructions refer the filer to the website, and that the website notes that the option to file Form I-129 electronically has been disabled.

  Plaintiffs were aware that the e-filing option was not available. Plaintiffs in fact mailed the H-1B Petition, but to the wrong service center. Plaintiffs cannot argue that they did not have notice that e-filing was not available for H-1B petitions. Defendants submit reasons for not providing the e-filing option, including the capability of the computer system to accept this type of visa petition. (Defs. Ex. I) Defendants argue

6

that to devote time and resources to physically forward mailed applications to other service centers is burdensome and does not involve the same operational burden as routing e-filed petitions. Defendants claim that opening, reviewing, and re-routing misfiled paper H-1B petitions, which in fiscal year 2015 numbered 386, takes substantial time and resources. (Haskell Decl., Par. 7) Defendants argue that the numerical limitations imposed by Congress, the extreme oversubscription of H-1B visas and the tight time frame for processing and adjudicating these visas necessitate strict procedural rules and deadlines.

The regulations provide that "a benefit request will be considered received by USCIS as of the actual date of receipt *at the location designated for filing such benefit request…*" 8 C.F.R. Sec. 103.2(a)(7). There is no dispute that USCIS did not receive Plaintiffs' H-1B Petition on April 1, 2014 "at the location designated" by the filing instruction. Based on the regulations, Defendants' rejection of Plaintiffs' H-1B Petition, submitted a second time and not received by April 1, 2014, was not arbitrary and capricious.

The 85,000 visa petitions must be approved before the start of the fiscal year beginning October 1, 2014. Defendants claim that in order to meet the deadline and other statutory mandates, the USCIS has established and published a procedure that would allow it to equitably and timely accept and receive enough petitions to meet the

85,000 allowed petitions by the October 1, 2014 deadline. The regulations provide that if the numerical limit is met during the first five business days allowed to file H-1B petitions, known as the "cap season," the USCIS "may" then randomly select, by computer-generated selection, a "number of petitions deemed necessary to generate the numerical limit of approvals," known as the "lottery." 8 C.F.R. 214.2(h)(8)(ii)(B).

The regulations also provide that the USCIS will reject any H-1B petitions received after the first five days if the numerical limit has been met. Defendants assert that the bases for rejecting improperly filed petitions are fairness and efficiency because the USCIS's mandate is to approve 85,000 visa petitions, but no more than 85,000 petitions. Allowing petitioners who improperly filed petitions to resubmit such petitions would require the USCIS to reserve visa numbers for an anticipated number of petitions that would be improperly filed, potentially leaving a number of visas unused. This process is unfair to H-1B petitioners whose petitions were properly filed.

Given the October 2014 deadline, from the April 2014 filing dates, the USCIS has only six months to process the more than 172,000 petitions filed and approve 85,000 of those petitions under this H-1B category. The Court finds that Plaintiffs have failed to show that Defendants' rejection of Plaintiffs' Petition was arbitrary and capricious since the rejection was based on the regulations, instructions and other

published guidelines.

### C. Equitable Tolling

Plaintiffs also argue that the time to submit the H-1B Petition should be equitably tolled since they initially filed the Petition within the 5-day time frame, but at the wrong service center. Administrative agency filing deadlines may be equitably tolled in appropriate circumstances. *Hernandez v. Holder,* 457 Fed. Appx 487, 492 (6th Cir. 2012)(involving a Temporary Protected Status application in immigration setting). However, tolling is applied if the mistake is beyond the applicant's' control. *Id.* at 493. Equitable tolling is appropriate where the government's error caused an applicant to miss a deadline, but there is no authority for the proposition that the deadline be tolled due to an *applicant's* error. *Id.* at 493.

In this case, Defendants did not cause Plaintiffs to miss the deadline. Plaintiffs acknowledge it was a clerical error on their part that the application was filed in the wrong service center. Even a lawyer's mistake is not a valid basis for equitable tolling. *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir. 2002). Equitable tolling is not applicable in this case.

### III. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs seek to amend their Complaint to add a factual allegation that the second rejection by the USCIS occurred, that approval of Liu's H-1B nonimmigrant

9

status would not cause the Fiscal Year 2015 to exceed the caps set forth in 8 U.S.C. § 1184(g)(1) or (g)(5), to add a claim for relief under the doctrine of equitable tolling and to add a claim for mandamus and declaratory relief. Defendants oppose the motion asserting that they acknowledged in their summary judgment briefs the H-1B Petition was rejected a second time. They claim that the issue of equitable tolling has been argued in the parties' previous briefs and that any factual allegation that allowing Plaintiffs' H-1B Petition is irrelevant to the equitable tolling argument and does not create a genuine issue of fact that could defeat summary judgment.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). If a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

The Court finds that the factual allegation that the USCIS rejected Plaintiffs' Petition a second time is incorporated in the parties' summary judgment briefs and arguments. The issue of equitable tolling has been addressed above. The factual allegation that approving Liu's Petition would not exceed the statutory cap also does

10

not create a genuine issue of material fact on the equitable tolling claim since the Petition was filed in the wrong service center. Because Plaintiffs are not entitled to a clear and undisputable right to the relief sought, mandamus relief under 28 U.S.C. § 1361 is not available to Plaintiffs. The rejection of Plaintiffs' Petition is not an extraordinary situation. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (Mandamus relief is a "drastic and extraordinary remedy" that is "only to be reserved for extraordinary situations."). If an agency has discretion in a matter, the court does not have subject matter jurisdiction under the Mandamus Act. *Maftoum v. Chavez,* 2007 WL 3203850 at *3 (E.D. Mich. Oct. 31, 2007). Plaintiffs' Motion for Leave to Amend the Complaint is denied as futile.

**IV. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment **(Doc. No. 14)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment **(Doc. No. 22)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Amended Complaint **(Doc. No. 28)** is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 26, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 26, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager